Ansetta E. de CHABERT, Plaintiff,

v.

Reuben B. WHEATLEY, Defendant.

Civ. No. 429/1970.

District Court, Virgin Islands,
D. St. Croix.

April 7, 1975.

Hodge, Sheen, Finch & Ross, Raymond L. Finch, Christiansted, St. Croix, V.I., of counsel, for plaintiff.

Gordon S. Gilman, Assistant Attorney General, Gov't of the Virgin Islands, Charlotte Amalie, St. Thomas, V.I., for defendant.

## ACTION FOR REDETERMINATION OF TAX DEFICIENCY

## MEMORANDUM OPINION AND ORDER

WARREN H. YOUNG, District Judge.

A hearing was held in this action on February 12, 1975, on the motion of petitioner, Ansetta E. de Chabert, to set aside the court's dismissal of her petition for redetermination of a tax deficiency. Respondent, Commissioner of Finance, asserted a deficiency of $79,630.08 plus penalties and interest for income taxes due for the calendar year 1968. The petition was filed December 22, 1970, and respondent answered May 6, 1971. Nothing further was done in this case until the court entered an order to show cause why the complaint should not be dismissed on January 16, 1974. Petitioner responded and a briefing schedule was set which required petitioner to file the initial brief by March 15, 1974. No brief was forthcoming, and on October 11, 1974, the court dismissed the petition for failure to prosecute.

■ Petitioner moved on December 16, 1974 to set aside the judgment pursuant to Fed.R.Civ.Proc. 60(b). To be successful, a motion pursuant to Rule 60(b) must pass a two-pronged test: the moving party must come within one of the reasons listed in Rule 60(b) for setting aside judgments, and the moving party must show a potentially meritorious defense. Madsen v. Bumb, 419 F.2d 4 (9th Cir. 1969); 11 C. Wright and A. Miller, Federal Practice and Procedure, § 2857. Petitioner argues that her failure to prosecute was due to her attorney withdrawing from the practice of law in St. Croix during the spring and summer of 1974 and that this case was overlooked when her attorney was terminating his other cases or making arrangements for other counsel to handle the cases. I am satisfied that petitioner has made an adequate showing that the neglect which led to the dismissal was excusable; however, there has been no showing of a claim with any merit. A hearing was held on this motion at which time the respondent, Commissioner of Finance, made an extensive showing of the evidence which he would present on the merits of the case, and petitioner offered nothing in rebuttal.

This case involves capital gain on a real estate exchange transaction between petitioner and Hess Oil Virgin Islands Corporation ("Hess Oil"). Boot of $300,000.00 was involved in the transaction, and a capital gain must be recognized to that extent. 26 U.S.C. § 1031 (b). Petitioner contends that the gain was properly attributable to her children as she had made a gift of the property to them prior to the sale to Hess Oil. Respondent asserts there was not a completed gift of the real estate.

Documents submitted by the respondent show that petitioner drafted a deed of gift deeding the real estate involved in the Hess Oil transaction (plus additional real estate) to her children, one of whom is a lawyer, on July 28, 1967.

That deed of gift was not recorded. On April 18, 1968, petitioner deeded the property to Hess Oil by warranty deed. Her children did not join in that warranty deed. In July and October, 1969, petitioner deeded most of the parcels involved in the July, 1967 deed of gift (other than those transferred to Hess Oil) to her children by deeds of gift, which were recorded. Petitioner continued to return the income from properties in the July, 1967 deed of gift in her income tax returns for 1968 and 1969 and to take deductions from income for real estate taxes on the properties.

■ Petitioner could have achieved the result she desired by transferring the property by absolute and bona fide gift to her children prior to the sale of the real estate to Hess Oil. There are several indicia of a bona fide gift, and one necessary element of a gift is that there must be an intent to absolutely divest the donor of title, dominion and control of the subject matter. Weil v. Commissioner of Internal Revenue, 82 F.2d 561 (5th Cir. 1936). Petitioner continued to treat the property transferred to Hess Oil in 1968 as her own after the alleged gift in 1967, and without any of her children joining in the deed, she executed a warranty deed to Hess Oil for the property. She also continued to treat the other property involved in the alleged gift in 1967 as her own in 1968 and 1969.

■ Nothing was forthcoming at the hearing on this motion to counter the above recital of facts which indicate that she exercised dominion and control over the subject property after the July, 1967 deed. It is difficult to perceive any merit to petitioner's position that there was an effective gift in 1967.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion it is hereby

Ordered that Petitioner's Motion to Set Aside Judgment be denied.