**Corinne HARTMANN, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Third-Party Plaintiff,**

v.

**James E. HARTMANN, Third-Party Defendant.**

**No. 74–C–492.**

United States District Court,
E. D. Wisconsin.

Sept. 25, 1978.

Stanley P. Gimbel, Gimbel, Gimbel & Reilly, Milwaukee, Wis., for plaintiff.

John A. Nelson, Asst. U. S. Atty., Milwaukee, Wis., for the U. S.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The United States of America, defendant and third-party plaintiff, is attempting to obtain discovery from Corinne Hartmann. This action was commenced by Corinne Hartmann for a tax refund and the United States counterclaimed against her and impleaded James Hartmann as a third-party defendant. The government's claim against Corinne Hartmann was dismissed and James Hartmann agreed to an entry of judgment for $110,785.77. The United States relies upon Rule 69(a) of the Federal Rules of Civil Procedure as support for their discovery claim and requests this Court to enter an order compelling discovery from Corinne Hartmann pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

Under Wis.Stat.Ann. § 701.04(2) (West 1978), a creditor can enforce a resulting trust against property for which the debtor supplied all or part of the purchase price. However, the statute provides further that the creditor can only enforce the resulting trust to the extent necessary to satisfy its demands. Under this statute, it is quite possible that Corinne Hartmann owns property potentially subject to a resulting trust. Her ownership of such property could certainly be relevant to the government's attempts to enforce its judgment. However, although potentially relevant, the question is whether this information is discoverable at this time.

Rule 69(a) of the Federal Rules of Civil Procedure provides in part:

> In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain *discovery from any person*, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held. [Emphasis added].

Under this rule, in appropriate circumstances, a judgment creditor can obtain discovery

against a person not a party to the lawsuit. *G–Fours, Inc. v. Miele*, 496 F.2d 809 (2d Cir. 1974). Corinne Hartmann argues, however, that the present motion is not timely because the United States has not followed Wisconsin Procedure as to execution.

Under the Wisconsin Statutes, a money judgment is enforced by execution, Wis. Stat.Ann. § 815.02 (West 1977), and the execution must be "issued from and be sealed with the seal of the court and signed by the clerk where the . . . judgment is filed." Wis.Stat.Ann. § 815.05 (West 1977).

Corrine Hartmann argues that under Rule 69(a) of the Federal Rules of Civil Procedure the United States must follow Wisconsin statutory procedure which Mrs. Hartmann claims they have not done. The Court would note that a writ of execution has not been docketed with the clerk of courts and the United States has failed to allege that one has been sought.

While this Court agrees with the United States that under Rule 69(a) a judgment creditor can obtain discovery from any person, this is not an unfettered right. Corinne Hartmann's arguments are persuasive and this Court holds that before discovery can be conducted against a person not a party to the lawsuit, the judgment creditor must first seek execution against the judgment debtor's assets.

In *G–Fours, Inc. v. Miele, supra*, the court held the judgment debtor's wife in contempt for failure to answer interrogatories posed by the judgment creditor in an attempt to discover the whereabouts of the husband's assets. However, this discovery was only sought after the United States Marshals were unable to collect the bulk of the debt owed. To allow such discovery before execution on the judgment debtor's property could result in unnecessary hardship to a third-party.

Therefore, it is hereby ordered that the request by the United States for an order compelling Corinne Hartmann to answer deposition questions pertaining to certain land transactions and to produce documents having a bearing on those transactions is hereby denied. If the United States obtains a writ of execution and it is returned partially or wholly unsatisfied, they can again renew their motion for post-judgment discovery from Corinne Hartmann.