**RIDGEWOOD INDUSTRIES, INC., a Canadian Corporation, Plaintiff,**

v.

**RIDGEWOOD INDUSTRIES, U.S.A., INC., a Delaware Corporation; Amisco Trading Corporation, an Illinois Corporation; Gerald Finkle; Yariv Haft and Menosha Guilah, Defendants.**

No. 83 C 2969.

United States District Court,
N.D. Illinois, E.D.

Nov. 30, 1983.

Aaron J. Kramer, Ann Rae Heitland, Joseph J. O'Hara, Jr., Schiff, Hardin & Waite, Chicago, Ill., for plaintiff.

Michael Cutler, Alvin Becker, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On September 21, 1983, this Court issued Judgment requiring defendants to pay the plaintiff $195,837.00 in damages. Presently before the Court is plaintiff's motion for an order compelling the execution and delivery of assets by the judgment debtors. Defendants claim that the assets sought by plaintiff are in fact not their property or are not in their possession. For reasons set forth below, defendants and any other party are enjoined from allowing any transfer or disposition of the property of the judgment debtors. A hearing on these matters shall be held before United States Magistrate Joan Humphrey Lefkow to resolve the claims of all interested parties to the assets in question.

■ It is settled that a court with jurisdiction over a lawsuit has jurisdiction to enforce the judgment it has rendered in that suit; our jurisdiction in this matter thus continues until the judgment is satisfied. *McKee-Berger-Mansueto, Inc. v. Board of Education,* 691 F.2d 828, 831 (7th Cir.1982). Rendition and entry of judgment are, of course, prerequisites to the compulsion of a party to pay. *Local P–171 v. Thompson Farms Co.,* 642 F.2d 1065, 1067 n. 1 (7th Cir.1981). According to Fed. R.Civ.P. 69(a)

> [p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or his successor in interest when that inter-

est appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Because there is no federal statute prescribing methods for discovering the hidden assets of a judgment debtor, State law must be applied in this case. *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 850 (7th Cir.1981).

Illinois has a statutory citation procedure which enables a judgment creditor to discover the assets of a judgment debtor and to compel the application of those assets toward satisfaction of the outstanding judgment. *See* Ill.Rev.Stat. ch. 110, ¶ 2–1402 (1982). Under this statute, the Court is empowered to enjoin the transfer or other disposition of the judgment debtor's property. Ill.Rev.Stat. ch. 110, ¶ 2–1402(d)(2).[1] And insofar as property is claimed by a person other than the judgment debtor, the Court may require the claimant to appear and maintain his or her rights. ¶ 2–1402(e).[2]

■ We believe that a hearing is necessary in the present case, and that an injunction would be appropriate. Defendant Haft asserts a 3% interest in real property at 114 South Racine Street in Chicago, and that his family owns 20% of the property, despite the listing of a 23.3% interest in this property on his personal financial statement. Defendant Guilah's 23.3% interest in the property also appeared on his financial statement, but he now asserts that he was merely in the process of purchasing the interest when the statement

was completed, and that the purchase was never realized. At a hearing on these matters, defendants are to produce original documents concerning the real property and the trusts involved in it. Haft will also produce the consent to list the property in his own name which he asserts his father gave him.

Haft also claimed an interest in real property located in Haifa, Israel, on his financial statement, but he has since maintained that the property belongs to his wife, and that she consented to its listing on Haft's statement. At a hearing, Mrs. Haft will be able to testify as to this matter, and any written consent will also be produced. Finally, it may be necessary at the hearing before Magistrate Lefkow to inquire as to the status of the accounts receivable, inventory and miscellaneous property, which defendants claim has either been supplied to plaintiff or no longer exists.

Accordingly, all persons are enjoined from making or allowing any transfer or other disposition of, or interference with the judgment debtors' property. This injunction shall remain in effect until vacated by the Court at the termination of this matter. A hearing concerning the aforementioned property shall be held before Magistrate Lefkow. It is so ordered.

---

1. Ill.Rev.Stat. ch. 110, ¶ 2–1402(d)(2) provides that:

    [t]he court may enjoin any person, whether or not a party to the supplementary proceeding, from making or allowing any transfer or other disposition of, or interference with, the property of the judgment debtor, or the property or debt concerning which any person is required to attend and be examined until further direction in the premises. The injunction order shall remain in effect until vacated by the court or until the proceeding is terminated, whichever first occurs.

2. According to Ill.Rev.Stat. ch. 110, ¶ 2–1402(e), [i]f it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed by any person other than the judgment debtor, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his or her right. The rights of the person cited (other than the judgment debtor) and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings.