The SOUTH BEND CLINIC, Plaintiff,

v.

William E. PAUL, D.D.S., Defendant.

Civ. A. No. S84–0363.

United States District Court,
N.D. Indiana,
South Bend Division.

April 14, 1987.

Arthur A. May, South Bend, Ind., for plaintiff.

Alan H. Goldstein, Donna Bays-Beinart, Indianapolis, Ind., Norman H. Goldman, Highland, Ind., David M. McTigue, South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This case is before the court on the defendant's, William D. Paul D.D.S., Motion For Relief From Judgment, pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, filed on March 20, 1987. The time for response has passed and no response has been filed by the plaintiff. The defendant filed a notice of appeal in this case on February 13, 1987, and the plaintiff filed a notice of cross-appeal on February 25, 1987.

The original complaint in this case was filed in the St. Joseph Superior Court on May 9, 1984. On June 15, 1984 the defendant filed a Notice of Removal with the St. Joseph Superior Court to remove this matter to the United States District Court for the Northern District of Indiana on the basis of diversity of citizenship. The plaintiff did not file any objection to the petition for removal. Nothing on the face of the removal petition filed by the defendant questioned the truth of the averments related to diversity jurisdiction. The court conducted a bench trial on December 1, December 2, and December 4, 1986. At the beginning of the bench trial the court, as is its custom, specifically inquired about the court's jurisdiction; the presence of diversity jurisdiction was confirmed without objection. At all stages, until now, all counsel conceded this court's subject matter jurisdiction. The court ordered both parties to submit post trial briefs on December 22, 1986, and both parties complied. On January 15, 1987 the court Ordered judgment entered for the plaintiff. 651 F.Supp.

1212. Subsequently, the defendant appealed.

The salient facts are that this case was removed under 28 U.S.C. § 1441 to this court by a petition prepared and submitted by the defendant which alleged diversity jurisdiction under 28 U.S.C. § 1332. The case proceeded through the normal pretrial and discovery process. It was during the discovery phase that the defendant acquired the documents which disclosed the basis of the defendant's present challenge to diversity jurisdiction. Nevertheless, the defendant waited until after a bench trial, during which the defendant submitted as evidence the documents which defendant alleges defeat diversity, after a decision against the defendant, and after a notice of appeal to present the evidence to challenge this court's jurisdiction. The party that invoked this court's jurisdiction, and who was cognizant of the facts raised in the current challenge to jurisdiction, now challenges that jurisdiction. The court is tempted to find bad faith on the part of the defendant's counsel in this regard.

In any event, the conduct of the defendant in this case clearly demonstrates a gross lack of consideration for this court. This Judge spent more than thirty (30) hours of personal time on this case that could well have been spent on other pressing judicial and administrative concerns. Judge William C. Lee has indicated that the cost to the public of such time is estimated at six hundred dollars ($600.00) per hour. *In re: Donald James Graves,* 70 B.R. 535 (N.D.Ind.1987); *Dominguez v. Figel,* 626 F.Supp. 368, 374 (N.D.Ind.1986).

Generally, a court lacks jurisdiction to decide motions filed after a notice of appeal has been properly filed. However, in *Textile Banking Co., Inc. v. Rentschler,* 657 F.2d 844 (7th Cir.1981), the Court of Appeals for the Seventh Circuit recognized that the judicially economic procedure would encourage a district court to consider Rule 60 motions filed after a timely notice of appeal had been filed. In *Textile* the court held:

> The majority of the circuits have abandoned this costly and time-consuming procedure, however, in favor of one which allows the district court to consider and deny Rule 60(b) motions during the pendency of an appeal without leave from the appellate court. A remand is only necessary if the district court is inclined to grant the relief.[2]

*Id.,* at 849. Further, footnote 2 of the *Textile* opinion states in pertinent part:

> If the district court is inclined to grant the motion, it should issue a brief memorandum so indicating. Armed with this, movant may then request this court to remand the action so that the district court can vacate judgment and proceed with the action accordingly.

*Id.,* at 849–850 fn. 2. Motions filed pursuant to Rule 59 of the Federal Rules of Civil Procedure after a timely notice of appeal are not similarly treated. *Id.* This Memorandum and Order is intended to comply with the Seventh Circuits adopted procedure for Rule 60 motions filed after a notice of appeal is timely filed.

Recently in *Kanzelberger v. Kanzelberger,* 782 F.2d 774 (7th Cir.1986), Judge Posner writing for the court said:

> Ordinarily when a jurisdiction allegation is proper in form and not denied, the district court is not obliged to inquire into its truth. *Casio, Inc. v. S.M. & R. Co.,* 755 F.2d 528 530 (7th Cir.1985). But since federal jurisdiction cannot be conferred by consent of the parties, if facts place the district court on notice that the jurisdictional allegation probably is false, the court is duty-bound to demand proof of its truth.

*Id.,* at 777. Further, the Seventh Circuit:

> [did] not suggest that the district court or [that] court must always or even often conduct an inquest on jurisdiction; but certainly if deficiencies in the pleadings, or facts brought out in pretrial discovery or at trial, fairly shriek that there is no federal jurisdiction, the district judge must conduct whatever supplementary factual proceedings are necessary to resolve the doubt.

*Id.* In addition, "[l]awyers who practice in federal court must know that jurisdiction of the subject matter may not be conferred

by consent. It must be demonstrated not assumed." *Stockman v. LaCroix,* 790 F.2d 584, 587 (7th Cir.1986) (citing, *Bender v. Williamsport Area School District,* 475 U.S. 534, 106 S.Ct. 1326, 1334, 89 L.Ed.2d 501 (1986)). The record in this case did not shriek with any basis for the court to question the jurisdictional averments of the defendant. However, subsequently, the defendant challenged the jurisdictional basis upon which the defendant removed this case. That challenge appears to be based upon fact although at this point it is unverified. Therefore, if the Court of Appeals for the Seventh Circuit were to remand this case, this court would subsequently vacate the judgment due to lack of subject matter jurisdiction, and remand the case to the Superior Court of St. Joseph County.

It is to be hoped that the conduct of counsel for the defendant here and the result here mandated does not create an implied license for other counsel to invoke jurisdiction, wait for a decision, and when that decision is adverse raise for the first time a factual basis of a jurisdictional defect. The processes of this court certainly should demand better than it has had here at the hands of this defense counsel.

Accordingly, if the Court of Appeals for the Seventh Circuit remands the appeal of this case this court would subsequently vacate the judgment due to a lack of subject matter jurisdiction, and remand this case to the Superior Court of St. Joseph County. This court now EXPRESSLY RESERVES possible sanctions under Rule 11 of the Federal Rules of Civil Procedure as to defendant and Counsel. It is FURTHER ORDERED that costs be assessed against the defendant. SO ORDERED.