Vince **EVANS**, Plaintiff,

v.

The **CHICAGO FOOTBALL FRANCHISE LIMITED PARTNERSHIP**, et al., Defendants.

No. 86 C 10225.

United States District Court, N.D. Illinois, E.D.

July 28, 1989.

Solomon I. Hirsh, Chicago, Ill., for plaintiff.

Synde B. Keywell, Daniel A. Kaufman, Katten, Muchin & Zavis, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

■ This action was brought in December, 1986 by football player Vince Evans against the Chicago Football Franchise Limited Partnership ("the Partnership"), the Partnership's corporate general partner, Edjer Corp. ("Edjer"), and Edward Einhorn, an officer and shareholder of Edjer. On March 31, 1987, a default judgment in the amount of $1,674,135 plus costs was entered against the partnership and Edjer. On April 16, 1987, Evans issued and served a Citation to Discover Assets on those defendants. Those defendants produced the documents and filed a response to the citation in May, 1987. On October 9, 1987, the Court granted Einhorn's motion to dismiss. That dismissal was affirmed by the Seventh Circuit Court of Appeals on July 11, 1988. On January 17, 1989, Evans filed a request for production of documents directed to all three defendants and served a subpoena and notice of deposition on Michael S. O'Malley of Ernst & Whinney, the accountant for the partnership and Edjer. The defendants have objected to these discovery requests, and plaintiff has accordingly filed a motion to compel compliance. For the reasons described below, plaintiff's motion is granted.

Resolution of plaintiff's motion requires interpretation of Federal Rule of Civil Procedure 69(a), which provides:

Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

The parties dispute whether this rule permits plaintiff to use federal discovery rules to gather information concerning defendants' assets at this stage in the case.

It is clear from the plain language of the rule that plaintiff may indeed use the federal discovery rules. The rule explicitly states that a plaintiff may "obtain discovery from any person ... in the manner provided in these rules *or* in the manner provided by the practice of the state." (Emphasis added.) This language clearly contemplates that plaintiff has a choice between using the federal discovery rules and using the practice of the state. *See El Salto S.A. v. PSG Co.*, 444 F.2d 477, 484 n. 3 (9th Cir.) ("a judgment creditor proceeding under Rule 69(a) may utilize either State practice or the federal rules for taking depositions"), *cert. denied*, 404 U.S. 940, 92 S.Ct. 273, 30 L.Ed.2d 253 (1971); *Strick Corp. v. Thai Teak Products Co.*, 493 F.Supp. 1210, 1211 (E.D.Pa.1980) ("the judgment creditor may utilize either Federal or State discovery rules"); *Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331 (E.D.Pa.1974) ("under [Rule 69(a)], discovery may be had of the judgment debtor or third persons without separate suit and, if discovery is pursued under the federal rules, as in this case, all the discovery devices of the rules may be used as in the progress of the action").

The cases relied upon by defendants in support of their argument that the federal discovery rules are not available to plaintiff are inapplicable. Defendants rely principally on *Textile Banking Co. v. Rentsch-*

*ler,* 657 F.2d 844 (7th Cir.1981). At issue in that case was whether the district court acted properly in applying an Illinois statute which enables a judgment creditor to discover a debtor's assets and to compel the application of those assets toward satisfaction of the judgment. In affirming the district court, the Seventh Circuit relied on the second sentence of Rule 69(a); it never discussed the third sentence, which is at issue in the present case. The Seventh Circuit rejected the argument that the Federal Rules of Civil Procedure preempt state law and that use of state law was forbidden by the provision of the second sentence of Rule 69(a) that state procedures shall be followed "except that any statute of the United States governs to the extent that it is applicable." Thus the court was not faced with an issue of whether applicable federal rules *could* be utilized, but only whether certain state procedures were preempted by federal rules. The court stated: "Since there is no federal statute prescribing methods for discovering the hidden assets of a judgment debtor, the district court properly applied state law to the instant case." 657 F.2d at 850. Defendant relies on this sentence, which it takes out of context, for its argument that there is no federal rule which can apply in the present case. However, the Seventh Circuit was never faced with the issue of whether federal discovery rules could be utilized.

The other cases cited by defendants are equally inapplicable. *See King v. Ionization International, Inc.,* 825 F.2d 1180 (7th Cir.1987) (holding only that state procedure applied to a judgment creditor's effort to collect a judgment in a citation proceeding); *Martin v. C.D. Gray, Inc.,* 110 F.R.D. 398 (N.D.Ill.1986) (allowing use of state law in connection with citation to discover assets); *Hartmann v. United States,* 79 F.R.D. 705 (E.D.Wis.1978) (state procedures must be followed with respect to execution).

■ Defendant also argues that plaintiff's motion should be denied because its efforts to discover assets are untimely. This argument is rejected because it depends on time limitations contained in Illinois procedures, and the Court has held above that plaintiff may use federal discovery procedures if it so wishes. Furthermore, the Court notes that the discovery and collection procedures which were allowed in *Textile, supra,* began five years after the original default judgment in the case.

Because the Court has approved the use of federal discovery rules pursuant to Rule 69(a), the Court need not reach the issue of defendant's standing to object to the subpoena and notice of deposition served on O'Malley. The Court also does not reach the issue of whether defendants have properly reserved other types of objections to plaintiff's discovery requests. Because it is not clear whether any such objections will be raised, it would be premature to rule on the legitimacy of such objections at this stage.

Plaintiff's motion to compel compliance with discovery requests is granted.