**Gordon E. WRIGHT, Plaintiff,**

v.

**Anthony M. FRANK, Postmaster General, Defendant.**

**Civ. A. No. 88–C–1316.**

United States District Court, E.D. Wisconsin.

Jan. 2, 1991.

Brian W. Gleason, Milwaukee, Wis., for plaintiff.

Mel S. Johnson, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## MEMORANDUM OPINION

REYNOLDS, Senior District Judge.

### BACKGROUND

On June 21, 1990, this court granted defendant Anthony M. Frank's ("the Postmaster General") motion to dismiss this Title VII religious discrimination action on the ground that plaintiff Gordon E. Wright ("Wright") had failed to exhaust administrative remedies in a timely manner. This court found that Wright had failed to show that he had contacted an Equal Employment Opportunity counselor ("EEO counselor") within 30 days of the alleged discriminatory acts, and consequently this court held that Wright had failed to satisfy a jurisdictional prerequisite to filing this action. Specifically, this court found incredible Wright's assertions that he had contacted EEO counselors on May 7, 1987, via a three-minute telephone call from his mobile phone and two one-minute return phone calls from EEO counsellors.

On July 30, 1990, Wright filed a motion pursuant to Rule 60(b) of the Federal Rules

of Civil Procedure requesting this court to reconsider its June 21, 1990 decision granting the Postmaster General's motion to dismiss. Because the timely filing of a motion to reconsider pursuant to Rule 60(b) does not toll the 30-day period for filing an appeal, Wright filed a notice of appeal on August 20, 1990. By order dated September 5, 1990, the Seventh Circuit Court of Appeals stayed the briefing schedule in the appeal and directed Wright to inform it of the status of his July 30, 1990 motion to reconsider, which motion is presently before this court.

## ARGUMENTS OF THE PARTIES AND SUMMARY OF OPINION

Mr. Wright argues that this court should reconsider its decision and order for two reasons. First, he correctly argues that the legal precedent upon which this court based its decision, *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984), has been overruled by the Court of Appeals for the Seventh Circuit in *Rennie v. Garrett*, 896 F.2d 1057 (7th Cir.1990). Although neither party raised this issue in their briefs on the Postmaster General's motion to dismiss, Wright argues that under *Rennie* the Title VII administrative time limit in question is now construed as a statute of limitations and not as a jurisdictional prerequisite. Mr. Wright argues that this court is therefore prohibited, in deciding a motion to dismiss, from looking beyond the face of his complaint in resolving the factual dispute of whether he actually contacted an EEO counselor.

Second, Wright argues that a genuine issue of material fact still exists as to whether Wright did in fact contact an EEO counselor within the time limits during the alleged May 7, 1987 exchange of calls. This court disbelieved that Wright had contacted an EEO counselor during May 1987 for various reasons, and particularly the following reason that:

> Although Wright asserts that he received a call on his mobile phone from an EEO Counselor on May 7, he does not present any documentary evidence to support that assertion. Wright's mobile phone shows two incoming calls, both from the same number, 414–791–5136, on the afternoon of May 7th, one call lasted one minute and the other call lasted one minute and twelve seconds. Wright does not identify either one of those calls as being from the EEO.

Decision and Order at 16. Mr. Wright argues that this court attached undue significance to the 414–791–5136 phone number listed on Wright's mobile phone bill.

The Postmaster General responds that Wright has failed to show that his case presents the exceptional circumstances or meets any of the criteria set forth in Rule 60(b). The Postmaster General argues that Rule 60(b) provides relief from final judgments only in extraordinary situations, and that Rule 60(b) cannot provide relief from errors of law.

For the reasons given below, this court concludes that it is inclined to grant Wright's Rule 60(b) motion, but that it lacks subject matter jurisdiction to do so. This court possesses only the jurisdiction to issue to the appellate court the memorandum on the merits of Wright's motion which is contained in Part II of this opinion.

## ANALYSIS

I. *This Court's Jurisdiction and Scope of Review*

As a general rule, the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed. *Ced's Inc. v. United States Environmental Protection Agency*, 745 F.2d 1092 (7th Cir.1984), *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir.1982), *cert. denied*, 460 U.S. 1091, 103 S.Ct. 1790, 76 L.Ed.2d 358 (1983). However, this rule does not prevent the district court from taking action in aid of the appeal until the case is remanded to it by the appellate court. *United States v. Lafko*, 520 F.2d 622, 627 (3d Cir.1975).

Until the past decade, most circuits adhered to the general rule in holding that the district court lost jurisdiction of a Rule 60(b) motion once notice of appeal had been

filed. *See* 11 Wright & Miller, *Federal Practice and Procedure* § 263–65 (1973). Under this rule the moving party was required to present the Rule 60(b) motion to the appellate court in order to request a remand of the case to the district court for relief. The Seventh Circuit has joined the majority of the circuits in abandoning this costly and time-consuming procedure in favor of one which permits the district court to consider and *deny* Rule 60(b) motions during the pendency of an appeal without leave from the appellate court. *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 849 (7th Cir.1981). However, a remand is still necessary if, as in this case, the district court is inclined to *grant* the Rule 60(b) motion. *Id.*

This court therefore issues in the following section a memorandum on the merits of Wright's motion with which Wright may request the court of appeals to remand the action so that this court can vacate judgment and proceed with the action accordingly. *See Id.* at 849–50 & n. 2.

## II. *Wright's Rule 60(b) Motion*

Through his Rule 60(b) motion, Wright seeks relief from two types of judicial error: (1) an alleged legal error regarding the statute of limitations nature of the 30-day administrative time limit under Title VII, and (2) an alleged factual error regarding whether EEO counselors had contacted Wright at his mobile phone on May 7, 1987.

■ Rule 60(b)(1) allows relief from a judgment within a reasonable time, not to exceed one year, on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). This rule does not authorize the district court to grant relief from a substantive error of law made by this court in its underlying decision which resulted in a final judgment. *Hahn v. Becker*, 551 F.2d 741, 745 (7th Cir.1977). The appropriate way to seek review of such alleged legal errors is by timely appeal. *Peacock v. Board of School Commissioners*, 721 F.2d 210, 214 (7th Cir. 1983). Therefore, this court has no jurisdiction under Rule 60(b) to review its conclusion of law in the June 21, 1990 order.

Rule 60(b) does permit this court to reconsider mistakes of fact which have influenced its conclusion of law, however. *Torrington Co. v. Local Union 590*, 803 F.2d 927, 931 (7th Cir.1986) (dicta). In *Torrington* the court of appeals affirmed the district court's denial of a Rule 60(b) motion seeking review of factual findings, because the court of appeals found that the mistaken findings of fact were "insubstantial." *Id.* In contrast, this court's conclusion that Wright did not contact an EEO counselor was largely based upon a mistaken finding of fact. Such a mistaken finding of fact is therefore substantial and the proper subject of review of this court. *Id.*

■ This court found Wright's assertion that he had contacted the EEO from his mobile phone incredible, in part because Wright did not present any documentary evidence to support his corroborating assertion that he had received two return phone calls from the EEO. Decision and Order at 16. This court found that Wright's phone bill did not persuasively document these return calls, because Wright did not establish that the phone number listed next to the alleged return calls was the number of the EEO office. In so finding, this court mistakenly asserted that the number listed, 414–791–5136, was the telephone number of the *source* of the call rather than the number of Wright's *mobile phone.*

In his motion to reconsider, Wright has established that this assumption was erroneous. Mr. Wright has submitted his mobile phone bills to prove that 414–791–5136 is his number, and not the number of a third party. In addition, Wright has demonstrated that the source of the call cannot be established by the mobile telephone network to which Wright subscribes. *See* Appendix B to Plaintiff's Brief in Support of Motion for Reconsideration.

When Wright's phone bill is properly interpreted, the material factual issue of whether Wright did contact an EEO counselor on May 7, 1987, remains in dispute. Therefore, this court's erroneous finding of

fact regarding Wright's mobile phone record was substantial in that it caused this court to reach an incorrect conclusion of law in its June 21, 1988 decision and order. Remand of this action to this court would therefore be appropriate.

IT IS THEREFORE ORDERED that plaintiff Gordon E. Wright's motion for reconsideration is DENIED without prejudice because this court lacks subject matter jurisdiction, but this court agrees with the plaintiff that this action should be remanded for further consideration.