**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John H. McCOLLOM, Defendant-Appellant.**

**No. 87–1334.**

United States Court of Appeals, Seventh Circuit.

Argued March 23, 1987.

Decided March 23, 1987.

Opinion March 27, 1987.*

---

* Because of the emergency nature of the appeal, the panel issued a brief decision on the date of oral argument. The opinion is released in typescript form because of the expedited nature of this appeal. A printed opinion will follow.

Gary L. Starkman, Arvey Hodes Costello & Burman, Chicago, Ill., for defendant-appellant.

Lawrence E. Rosenthal, Asst. U.S. Atty. (Anton R. Valukas, U.S. Atty.), Chicago, Ill., for plaintiff-appellee.

Before BAUER, Chief Judge, and WOOD and MANION, Circuit Judges.

PER CURIAM.

Defendant John McCollom was a circuit judge of the Circuit Court of Cook County, Illinois. In May 1986 the United States charged McCollom with mail fraud, conspiracy to engage in a pattern of racketeering activity, engaging in a pattern of racketeering activity, and the filing of false income tax returns, in violation of 18 U.S.C. §§ 1341 & 1962 (1982) and of 26 U.S.C. § 7206 (1982). The United States also charged McCollom in a number of superseding indictments. The charges against McCollom allege that while sitting as a circuit judge, McCollom accepted cash bribes to influence his disposition of cases pending in the Chicago Traffic Court. The federal district judge assigned to hear the case set the trial date for April 8, 1987, but the court is now advised that the trial date has been extended to April 20, 1987.

Approximately six months before the trial date, on October 10, 1986, the government filed a motion notifying the district court that it had served McCollom with a trial subpoena calling on him to produce "original checks, check registers, or withdrawal slips or other information reflecting withdrawals of funds or the drawing on funds from accounts owned by John H. McCollom in whole or in part." Seeking these financial records directly from the defendant is provoked because some bank copies of the same records secured by the government were illegible. McCollom does not question the government's obtaining the records from the bank, legible or illegible—he only questions the government's obtaining them from himself. Cancelled checks are the bulk of what is being sought. However, they are not private documents in the same sense as a personal diary, as checks are made and negotiated publicly and may go through many hands in and out of banks, before being returned to the maker.

Along with notifying the district court that it had issued the subpoena, the government also petitioned the district court to confer immunity upon McCollom for his act of producing information pursuant to the subpoena. See 18 U.S.C. §§ 6002 & 6003 (1982). McCollom responded by filing a motion to quash the subpoena on October 21. On January 15, 1987, the district court issued a memorandum opinion and order granting the government's immunity petition and granting in part and denying in part McCollom's motion to quash the subpoena. In conformance with the district court's decision, the parties agreed that an order should be entered in which the government's subpoena would be limited to the time period 1978

through 1983 and to McCollom's accounts at particular financial institutions. The district court entered that order on February 6 and thereby ordered McCollom to comply with the subpoena as modified. On February 13, McCollom filed a notice of appeal with this court. On February 17, this court dismissed McCollom's appeal for lack of jurisdiction. *United States v. McCollom,* No. 87–1243 (7th Cir. Feb. 17, 1987). That same day the district court found that McCollom had wilfully disobeyed its prior orders to comply with the subpoena, and held McCollom in civil contempt pursuant to 28 U.S.C. § 1826(a) (1982). The district court ordered McCollom committed to the custody of the Attorney General until such time as he complied with the subpoena, but stayed enforcement of that order pending an appeal to this court. On February 20, McCollom filed a notice of appeal. We heard oral arguments in this second appeal, No. 87–1334, on March 23. On that day, following oral arguments, we entered an Interim Order briefly reviewing the background of this case and affirming the district court's order imposing sanctions on McCollom for his contempt of court. *United States v. McCollom,* No. 87–1334 (7th Cir. Mar. 23, 1987). We said in our interim order that "[a]n opinion will follow in due course." This is that opinion.

■ We affirm the district court's order imposing sanctions on McCollom for his contempt of court in refusing to produce certain documents. The crux of this matter on appeal is substantially addressed in the district court's memorandum and order dated January 15, 1987. That memorandum and order addresses McCollom's motion to quash a trial subpoena and the government's responsive petition for an order directing McCollom to comply with the

trial subpoena. Accordingly, we adopt that decision [1], 651 F.Supp. 1217, as part of our own.

To the extent that McCollom has raised additional issues, we consider those issues now.

■ One of the issues McCollom raised in the district court and here on appeal is that the government's trial subpoena fails to satisfy the requirements of Rule 17(c). Fed.R.Crim.P. 17(c). McCollom concedes that some of his trial arguments under Rule 17(c) were subject to an abuse of discretion standard of review and declines to raise them on appeal. But he now raises an additional constitutional claim under the rubric of his Rule 17(c) argument. McCollom argues that the "other information" request in the government's subpoena may encompass "private letter, diaries and other traditionally protected items." These private papers arguably retain *Boyd* protection, McCollom contends, and put him in the impossible position of guessing which documents must be produced and which are protected. *Cf. In re 1979 Grand Jury Subpoena,* 478 F.Supp. 59, 62 (M.D.La. 1979). Because the government's subpoena describes no clear delineation between the protected and unprotected documents, McCollom contends, it fails to clear the specificity hurdle of Rule 17(c).

The government's response to McCollom's Rule 17(c) argument is that no records, private or otherwise, prepared without compulsion qualify for *Boyd* protection. But even assuming some limited category of private papers does enjoy *Boyd* protection, the government argues that McCollom failed to raise in district court the issue that the subpoena could possibly lead to the production of private papers.

---

1. Although we adopt the district judge's decision as it is, we point out two concerns.

First, the description of what Rule 17(c) "expressly" provides may be somewhat unclear. The district judge at page 1225 of his decision states: "However, Rule 17(c) expressly authorizes the use of a trial subpoena to obtain documentary evidence from an indicted defendant." We agree that Rule 17(c) expressly authorizes the use of a trial subpoena to obtain documentary evidence. But it does not "expressly" authorize the use of a trial subpoena against an indicted defendant. We believe, however, that although Rule 17(c) does not "expressly" authorize such use of a subpoena, neither does Rule 17(c) limit or prohibit a trial subpoena from reaching an indicted defendant.

And second, on page 1222 of the district judge's decision, the citation to Justice Brennan's concurrence in *Fisher* should be 425 U.S. at 427, not at 391.

The government points out that if McCollom does have some private papers arguably protected by *Boyd,* he cannot resist the government's subpoena by claiming a blanket privilege. Rather, he must claim the privilege on a document-by-document basis. *See, e.g., In re Klein,* 776 F.2d 628, 632–34 (7th Cir.1985); *In re Walsh,* 623 F.2d 489, 493–94 (7th Cir.), *cert. denied,* 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980).

We need not decide whether any documents, private or otherwise, enjoy *Boyd* protection if they are not prepared under compulsion. Rather, we agree with the government that McCollom should have raised this issue in the district court if he feared that the government's subpoena requires him to produce not just the "original checks, check registers, or withdrawal slips," but also more personal items such as "private letter, diaries and other traditionally protected items." Because McCollom raised no such possibility in the district court, we will not entertain it here. *See Zbaraz v. Hartigan,* 763 F.2d 1532, 1544–45 (7th Cir.1985); *Textile Banking Co. v. Rentschler,* 657 F.2d 844, 853 (7th Cir. 1981). That does not foreclose McCollom, however, from seeking *in camera* consideration by the district court of any particular document about which there may be some doubt. The district court in its discretion may suppress particular documents or excise so much of the contents of the document as may be beyond the appropriate reach of the subpoena.

The district court is

AFFIRMED.