**In the Matter of GRAND JURY PROCEEDING, SPECIAL APRIL 1987.**

**Appeal of Jane DOE.**

**No. 89–3216.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 9, 1989.

Decided Nov. 14, 1989.

Before BAUER, Chief Judge, CUMMINGS, and FLAUM, Circuit Judges.

BAUER, Chief Judge.

Jane Doe appeals from a contempt order of the district court for failure to comply with a subpoena requiring the production of certain documents. Doe contends that the language of the district court's limited immunity order fails to provide protection coextensive with her fifth amendment rights. We believe that the order does provide the necessary protection against self-incrimination and affirm.

I.

The facts are not in dispute. The Special April 1987 Grand Jury is conducting a criminal tax investigation into the affairs of "Richard Roe." [1] Jane Doe has been employed as Mr. Roe's secretary for over twenty years. On May 1 and June 9, 1989, as part of its investigation, the grand jury issued subpoenas *duces tecum* to Ms. Doe calling for her to appear and produce certain documents. Specifically, Doe was required to produce any and all records in her custody or control concerning the business and financial records of Mr. Roe. Doe refused to do so, citing her constitutional privilege against self-incrimination under the fifth amendment. Although Doe was not a target of the investigation, the prosecution was unwilling to waive the possibility that future charges might be brought against her.

Following a status hearing in which the government challenged Doe's assertion of her privilege, Chief Judge Grady entered an order on August 15, 1989 upholding Doe's right to refuse production of the documents. The court stated that because there was the potential for incrimination in Doe's act of production, she was not required to produce the subpoenaed documents absent a grant of immunity.

---

**1.** The parties submitted an agreed motion to preserve the identity of persons and to maintain the record under seal on October 24, 1989. The following day the district court instructed that the target of the grand jury investigation be referred to as "Richard Roe" and that appellant should be referred to as "Jane Doe."

On September 7, 1989, the government petitioned the district court for an order granting such immunity. That same day, Acting Chief Judge Aspen entered the order granting the immunity and ordering Doe to produce the subpoenaed documents. Both the government and Doe recognized that the immunity provided by the order extended only to the act of production itself and not to the contents of any specific document. *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984). Doe, however, filed a motion to amend the immunity order objecting to the last phrase of the order which states "said immunity does not extend to the contents of said documents *or any information directly or indirectly derived therefrom,*" (emphasis added). Doe argued that this phrase might allow the derivative use of her act of production. Thus, the immunity order would provide less protection than required by the fifth amendment.

Following a complete briefing by both parties, Judge Grady denied Doe's motion to amend at a hearing held on October 5, 1989. The court, relying on its earlier decision, *In the Matter of Trader Roe*, 720 F.Supp. 645 (N.D.Ill.1989), stated "it is permissible for the government to make use of the physical act of producing the records even though it is precluded from offering evidence of that physical act in the trial of the case or before the grand jury."

Five days later, on October 10, 1989, Doe again appeared before Judge Grady and refused to produce the documents. In her "Statement Regarding Noncompliance with Court Order," Doe reasserted her belief that the order of immunity entered by the district court contained language not authorized by 18 U.S.C. § 6002 which could permit derivative use of her act of production, and thus render her fifth amendment privilege useless. Therefore, she would not comply with the court's directive to produce the subpoenaed documents. Following Doe's refusal, Judge Grady found her in civil contempt and ordered her confined until she complied with the court's order. The confinement was stayed, however, pending appeal to this court. Two

days later, on October 12, 1989, Doe filed her notice of appeal.

## II.

The sole issue presented for resolution by this appeal is whether the language in the district court's immunity order is coextensive with the witness' rights under the immunity statute, 18 U.S.C. §§ 6001–6005, and her privilege against self-incrimination under the fifth amendment. If, as Doe contends, the immunity granted by the order is deficient, then Doe is correct in refusing to comply with it. On the other hand, if the order is consistent with the immunity statute and Doe's constitutional privilege, then her recalcitrance is impermissible and the contempt order will stand.

Paragraph Seven of Doe's immunity order provides:

> ... such immunity as is conferred by Title 18, United States Code, Section 6002, as a result of this Order shall apply only to the act of producing such documents as is hereby compelled; and said immunity does not extend to the contents of said documents or any information directly or indirectly derived therefrom. *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984).

Doe contends that this last phrase ("or any information directly or indirectly derived therefrom") improperly permits the derivative use of her act of production. The government contends that this language is merely a standard reading of the Supreme Court's holding in *United States v. Doe*, permitting the use of the contents of the produced documents. In order to resolve this dispute a brief analysis of both the statutory program for granting limited immunity and the constitutional privilege regarding personal and business documents is required.

The system for providing limited immunity to federal witnesses was established by 18 U.S.C. §§ 6001–6005, the Organized Crime Control Act of 1970 (the "Act"). This legislation strikes a balance between the constitutional rights of witnesses in federal prosecutions and the government's need to compel certain testimony. Under

the immunization process established by the Act, when a United States Attorney believes that a necessary witness' testimony will be withheld in reliance on the fifth amendment privilege against self-incrimination, he may seek an order from the district court compelling the witness to testify. The witness, however, is guaranteed certain protections in return for this compelled testimony. *In Re Sealed Case*, 791 F.2d 179, 181 (D.C.Cir.1986). A witness ordered to testify

> may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

18 U.S.C. § 6002.

The Supreme Court has held that the protections offered by 18 U.S.C. § 6002 are coextensive with those of the fifth amendment. *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The basic test as applied by the Court is whether the grant of immunity "leaves the witness and the Federal Government in substantially the same position as if the witness had claimed his (fifth amendment) privilege." *Kastigar*, 406 U.S. at 458, 92 S.Ct. at 1663, quoting *Murphy v. Waterfront Comm'n*, 378 U.S. 52, 79, 84 S.Ct. 1594, 1609, 12 L.Ed.2d 678 (1964). The *Kastigar* Court held that a witness testifying with a grant of immunity under 18 U.S.C. § 6002 is protected to the same extent as if he had exercised his constitutional privilege against self-incrimination. Therefore, the statutory immunity scheme was constitutionally valid.

In the present case, Ms. Doe must be protected by this statutory grant of immunity to the same extent as she would be under the fifth amendment. In order to determine the scope of this protection, however, we need to examine the constitutional dimensions of her fifth amendment privilege regarding the subpoenaed documents.

As Doe concedes, there is no privilege against self-incrimination protecting the contents of the subpoenaed documents themselves. *United States v. Doe*, 465 U.S. 605, 610–12, 104 S.Ct. 1237, 1240–42, 79 L.Ed.2d 552 (1984). Doe is protected, however, against the testimonial aspects of producing these documents. *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *Doe*, 465 U.S. at 610, 104 S.Ct. at 1240–41. Production of these documents may have at least three testimonial aspects: (1) that the documents in question exist; (2) that they are in the possession of Doe; and (3) that they are authentic. *United States v. McCollum*, 651 F.Supp. 1217 (N.D.Ill.1987); *Fisher*, 425 U.S. at 410–13, 96 S.Ct. at 1580–82.

Under the immunity granted by 18 U.S.C. § 6002, the government is not permitted to use any of these testimonial aspects of the act of production. Nor is any derivative or indirect use of this evidence permitted. As the Supreme Court has stated, 18 U.S.C. § 6002 "prohibits the prosecutorial authorities from using the compelled testimony in *any* respect, and it therefore insures that the testimony cannot lead to the infliction of criminal penalties on the witness." *Kastigar v. United States*, 406 U.S. 441, 453, 92 S.Ct. 1653, 1661, 32 L.Ed.2d 212 (1972) (emphasis in original). This prohibition comes both from the language of the immunity statute itself and the Supreme Court's decisions construing the fifth amendment. This court has also recognized that the derivative use of the act of production is prohibited under 18 U.S.C. § 6002. *United States v. Porter*, 711 F.2d 1397 (7th Cir.1987).

Thus, the order of the district court which states "... said immunity does not extend to the contents of said documents or any information directly or indirectly derived therefrom" cannot be read to diminish Doe's rights. These rights are established by the fifth amendment. They cannot be eroded by a grant of immunity which is not coextensive with these rights. *See Counselman v. Hitchcock*, 142 U.S.

547, 12 S.Ct. 195, 35 L.Ed. 1110 (1892); *Ullmann v. United States,* 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511 (1956). Nor can these rights against self-incrimination be eroded, as appellant contends, by the wording of the present order. The district court has issued that order pursuant to 18 U.S.C. § 6002 and the order must be read consistent with the protections of that statute. Thus, the phrase at issue must refer only to the derivative use of the contents of the documents. Any derivative use of the act of production itself is prohibited. Any evidence offered by the government in a future prosecution of Doe must be derived from sources independent of Doe's production of these subpoenaed documents.

Of course, a discussion of the government's use of the act of production, either directly or in a derivative fashion, against Ms. Doe in a criminal proceeding is premature. The prosecution, though unwilling to suggest the possibility of future action, has brought no charges against the witness to date. The danger of the prosecution's improper use of her act of producing these documents could arise only after Doe is charged with some offense. At that time, Doe will be free to request a suppression hearing regarding the allegedly tainted evidence. In such a hearing the government will bear the "heavy burden" of demonstrating that evidence it seeks to introduce is untainted by Doe's immunized act of production. *Kastigar,* 406 U.S. at 461, 92 S.Ct. at 1665; *In Re Sealed Case,* 791 F.2d 179, 182 (D.C.Cir.1986). Contrary to Doe's contention, nothing in the present immunity order prevents her from protesting the derivative use of her act of production at such a hearing.

### III.

The language of the immunity order is consistent with 18 U.S.C. § 6002 and coextensive with Doe's privilege against self-incrimination. Any derivative use of Doe's act of production is properly prohibited by the wording of the order. Doe's objections to the order are unfounded and her motion to amend is denied. The district court's finding of contempt is, therefore,

AFFIRMED.