In re J.W.O., a witness before the Grand Jury.

UNITED STATES of America, Appellee,

v.

J.W.O., a witness before the Grand Jury, Appellant.

No. 90–5547.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1991.

Decided Aug. 1, 1991.

John W. Lundquist, Minneapolis, Minn., for appellant.

Douglas R. Peterson, Minneapolis, Minn., for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and DUMBAULD,* District Judge.

---

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western

BOWMAN, Circuit Judge.

J.W.O. appeals from an order of the District Court[1] finding him in contempt for his failure to comply with a federal grand jury subpoena to produce certain business records of several sole proprietorships. J.W.O. argues that his Fifth Amendment privilege against self-incrimination is not adequately protected by the limited immunity granted by the court under 18 U.S.C. § 6002 (1988). We disagree and affirm the decision of the District Court.

A grand jury for the District of Minnesota has been investigating alleged violations of the federal mail fraud statute, 18 U.S.C. § 1341 (1988). In May 1990, J.W.O. was subpoenaed to testify and to produce business documents from his single shareholder corporation and sole proprietorships. On August 21, 1990, J.W.O. appeared before the grand jury and provided the subpoenaed business records of the corporation but not of the sole proprietorships. J.W.O. invoked his Fifth Amendment privilege against self-incrimination as the basis for his refusal to produce any of the sole proprietorship records. Pursuant to 18 U.S.C. § 6002, the government petitioned the court to grant immunity limited to any testimonial aspects related to J.W.O.'s act of producing the subpoenaed records but not to the contents of the records. In response, J.W.O. filed a motion to quash the subpoena on Fifth Amendment grounds. On October 15, 1990, the court denied J.W.O.'s petition and ordered him to produce the subpoenaed documents before the grand jury. The court also granted section 6002 immunity prohibiting the use against J.W.O. in a criminal case of any compelled testimony related to his production of the documents. Through written stipulation, J.W.O. advised the court of his intent not to comply with the order to produce the documents and requested the court to find him in contempt to enable him to appeal to this court. The District Court found J.W.O. in contempt, but stayed punishment pending this appeal. On November 5, 1990, J.W.O. filed timely notice of appeal. For reversal, J.W.O. argues that the act-of-production immunity does not adequately protect his Fifth Amendment privilege against self-incrimination.

More than two decades ago, Congress established the current statutory process of providing limited immunity for federal witnesses with the enactment of the Organized Crime Control Act of 1970, Pub.L. No. 91–452, 84 Stat. 922 (part of which is codified at 18 U.S.C. §§ 6001–6005). Under the Act, a witness ordered to testify

> may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving false statement, or otherwise failing to comply with the order.

18 U.S.C. § 6002. This immunization process survived a constitutional challenge in *Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), with the Supreme Court's holding that "such immunity from use and derivative use is coextensive with the scope of the privilege against self-incrimination, and is therefore sufficient to compel testimony over a claim of the privilege." *Id.* at 453, 92 S.Ct. at 1661. Thus, the extent of immunity provided to J.W.O. is, by definition, determined by the scope of his Fifth Amendment privilege.

The Fifth Amendment shields only compelled self-incriminating testimony. In *United States v. Doe,* 465 U.S. 605, 610–12, 104 S.Ct. 1237, 1240–42, 79 L.Ed.2d 552 (1984), the Supreme Court held that the contents of business records of a sole proprietorship were not privileged because the records had been prepared voluntarily and without compulsion. However, the Court recognized that the act of producing the documents may have testimonial aspects of an incriminating nature. *Id.* at 612, 104

District of Pennsylvania, sitting by designation.

1. The Honorable Harry H. MacLaughlin, United States District Court for the District of Minnesota.

S.Ct. at 1242. A sole proprietor compelled to produce his business records by subpoena conceivably could communicate the existence and authenticity of the documents as well as his possession and control of them. *See id.* at 612–13, 104 S.Ct. at 1242–43 (quoting *Fisher v. United States,* 425 U.S. 391, 410, 96 S.Ct. 1569, 1581, 48 L.Ed.2d 39 (1976)). Because these communications would amount to testimony of a self-incriminating nature, the act of producing the documents would be protected by the Fifth Amendment. The court concluded that the sole proprietor could not be compelled to produce the documents without section 6002 immunity. *Id.,* 465 U.S. at 617, 104 S.Ct. at 1244. The grant of immunity was required to cover the act of production but not the contents of the documents. *Id.* at 617 n. 17, 104 S.Ct. at 1244 n. 17.

As in *Doe,* the subpoenaed documents at issue here are business records of a sole proprietorship. Because J.W.O. does not contend that their preparation was involuntary or compelled, the contents of the documents are not privileged. However, any testimonial aspects of a self-incriminating nature relating to the act of producing the documents do fall within the scope of the Fifth Amendment protection. Thus, the government cannot compel J.W.O. to produce the business records of the sole proprietorships without offering section 6002 immunity to the act of production. This the government has done. It need not do any more at this stage of its case to obtain the subpoenaed records from J.W.O. Should the government decide to prosecute J.W.O. following the grand jury investigation, it will be prohibited from any use of the testimonial aspects relating to J.W.O.'s compelled act of producing the documents against him. As noted in a similar case by then-Judge Scalia, the government would "have to meet the 'heavy burden' of proving that all evidence it seeks to introduce is untainted by the immunized act of production." *In re Sealed Case,* 791 F.2d 179, 182 (D.C.Cir.) (quoting *Kastigar,* 406 U.S. at 461, 92 S.Ct. at 1665), *cert. denied,* 479 U.S. 924, 107 S.Ct. 331, 93 L.Ed.2d 303 (1986). Thus, the limited immunity at issue

here is real and leaves J.W.O. and the government " 'in substantially the same position as if the witness had claimed his [Fifth Amendment] privilege' in the absence of a grant of immunity." *Kastigar,* 406 U.S. at 458–59, 92 S.Ct. at 1663–64 (quoting *Murphy v. Waterfront Comm'n,* 378 U.S. 52, 79, 84 S.Ct. 1594, 1610, 12 L.Ed.2d 678 (1964)).

In support of his contention that the act-of-production immunity is illusory, J.W.O. relies upon *United State v. McCollom,* 651 F.Supp. 1217 (N.D.Ill.), *aff'd,* 815 F.2d 1087 (7th Cir.1987). There, the District Court considered the practicality of enforcing a subpoena to produce documents that could reveal the existence of accounts then unknown to the government. Although the immunity would prohibit the government from using any evidence derived from the newly discovered accounts, the court refused to enforce the subpoena with respect to documents that could reveal unidentified accounts, reasoning that "there is little point in forcing McCollom to produce documents that the government cannot use directly or derivatively.... [or] in unnecessarily saddling this court and the parties with a suppression hearing to determine whether McCollom's immunity would be violated." *Id.* at 1223. This decision was made in the interests of judicial economy and after the witness had been indicted. Thus, the *McCollom* ruling is inapposite to the facts of the case before us. To quote another ruling from the Seventh Circuit made during a grand jury investigation, "a discussion of the government's use of the act of production, either directly or in a derivative fashion, against [the witness] in a criminal proceeding is premature.... The danger of the prosecution's improper use ... could arise only after [the witness] is charged with some offense." *In re Grand. Jury Proceeding, Special April 1987,* 890 F.2d 1, 4 (7th Cir.1989).

We agree with the Seventh Circuit that the appropriate time and place for challenging the use of allegedly tainted evidence obtained by the government through the compelled act of production is at a suppression hearing after the witness has been

indicted. "[T]he scope of immunity afforded by § 6002 is, by definition, whatever is necessary to protect the witness's privilege against self-incrimination ... leaving that question for subsequent suppression hearings." *In re Sealed Case*, 791 F.2d at 182. Here, the grant of immunity compelling production of the sole proprietorship records adequately preserves J.W.O.'s Fifth Amendment privilege against self-incrimination. We therefore affirm the order of the District Court finding J.W.O. in contempt for refusing to comply with its order to produce the subpoenaed records from the sole proprietorships.