**COMMODITY FUTURES TRADING COMMISSION, Petitioner–Appellee,**

v.

**Thomas W. COLLINS, et al., Respondents–Appellants.**

**No. 92–2917.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 23, 1993.

Decided July 7, 1993.

Jay L. Witkin, Gregory S. Walters (argued), Joanne T. Medero, Commodity Futures Trading Com'n, Office of the Gen. Counsel, Washington, DC, Judith Goodie, Dennis M. Robb, Barbara A. Schmidt, Commodity Futures Trading Com'n, Chicago, IL, for petitioner-appellee.

John L. Hines, Jr., Thomas G. Gardiner, James B. Koch (argued), Gardiner, Koch & Hines, Chicago, IL, for Thomas W. Collins.

James B. Koch, Gardiner, Koch & Hines, Chicago, IL, for respondents-appellants.

Before POSNER and MANION, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

POSNER, Circuit Judge.

The Commodity Futures Trading Commission issued subpoenas directing the appellants, Thomas Collins and others, to produce copies of their federal income tax returns for the scrutiny of the Commission's staff, which is investigating the appellants for possible civil violations of the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.* Among the suspected violations is the trading of commodities futures contracts other than on

a commodities exchange. The staff believes that these trades were spurious, being intended to enable the appellants to reallocate losses to persons who would reap the maximum tax benefits from the losses. That in itself does not bother the staff, which is not an arm of the Internal Revenue Service; but the staff believes that the presence of tax motives is evidence of a likely violation of the rules that the Commodity Futures Trading Commission does enforce. The appellants resisted the production of their tax returns on the ground that it would force them to incriminate themselves because the returns contain information that might be evidence, or might lead to evidence, of felony violations of the Commodity Exchange Act. See 7 U.S.C. §§ 6b(a)(ii), 6c(a), 13(a)(2). The Commission replied that the tax returns are "required records," so compelling their disclosure would not violate the self-incrimination clause of the Fifth Amendment. The district court agreed and ordered the subpoenas to be obeyed by a specified date. The order, which has been stayed pending our disposition of the appeal, is appealable. It concludes the proceeding in the district court, and thus is final within the meaning of 28 U.S.C. § 1291, because the enforcement of the subpoena was the only relief sought by the Commission. *Kemp v. Gay*, 947 F.2d 1493, 1495–97 (D.C.Cir.1991); cf. *University Life Ins. Co. v. Unimarc Ltd.*, 699 F.2d 846, 848–49 (7th Cir.1983).

The appellants do not question that they were required to file federal income tax returns with the Internal Revenue Service. The Commission does not argue that it can obtain copies of the returns from the IRS. Section 6103 of the Internal Revenue Code forbids the IRS, with certain exceptions, to release tax returns to other government agencies. One of the exceptions is for disclosure to federal employees engaged in the preparation of a judicial or administrative proceeding pertaining to the enforcement of a "specifically designated Federal criminal statute." 26 U.S.C. § 6103(i)(1)(A)(i). But although the Commodity Exchange Act has, as we have noted, felony provisions, the Commission does not contend that the Act is "specifically designated" a federal criminal statute. Nor does it argue, on this or any

other basis, that the Department of Justice, which does the federal government's criminal prosecuting, already has access to the appellants' tax returns.

The subpoenas ask the appellants to furnish the staff with copies of the returns that they retained for their own records. No statute or regulation requires a taxpayer to retain a copy of his tax returns. The law entitles the taxpayer or his designee to obtain a copy of his return (certified if he wants) from the IRS, 26 U.S.C. §§ 6103(c), (p)(2)(A). But the Commission does not claim to have—though it may have, *Doe v. United States*, 487 U.S. 201, 108 S.Ct. 2341, 101 L.Ed.2d 184 (1988)—the power to require any of the appellants who may not have retained copies of their returns to obtain them from the IRS. The law requires taxpayers to retain certain substantiating information. 26 U.S.C. § 6001; 26 C.F.R. § 1-6001–1. But not only does the Commission not seek any such back-up documentation from the appellants; it appears to concede that the Fifth Amendment would entitle the appellants to refuse to produce it, because it does not come within the required-record exception, not being related to a comprehensive scheme of public regulation of the taxpayer. *United States v. Porter*, 711 F.2d 1397, 1404–05 (7th Cir.1983).

At first blush it is difficult to see how copies that persons are *not* required by any law to make or keep could possibly be regarded as "*required* records." (But cf. *In re Grand Jury*, 680 F.2d 327, 336 n. 15 (3d Cir.1982) (dictum), affirmed on other grounds under the name of *United States v. Doe*, 465 U.S. 605, 607 n. 3, 104 S.Ct. 1237, 1239 n. 3, 79 L.Ed.2d 552 (1984).) The rationale of the required-records doctrine is that if an individual is under a duty to keep certain records and produce them on demand to the regulatory authority that has lawfully imposed the duty, he cannot complain, should that or some other governmental agency demand access to the records and the records contain incriminating matter, that if he complies he will be forced to testify against himself. The force will have been exerted not by the demand, but by the duty, assumed to be lawful because imposed as a necessary incident to a

lawful regulatory scheme, to maintain the records and grant access to them. *Shapiro v. United States,* 335 U.S. 1, 32–33, 68 S.Ct. 1375, 1391–92, 92 L.Ed. 1787 (1948). So understood, the required-records doctrine is inapplicable to a case such as this in which the individual is not required to maintain a record but does so as a matter of convenience. Collins was required, it is true, to make the record and give it to the Internal Revenue Service; and section 6103 may (depending on the force of "specifically designated Federal criminal statute") have forbidden the IRS to hand over the record—Collins's tax returns—to the Commodity Futures Trading Commission. But the statute does not block access, through pretrial discovery or otherwise, to copies of tax returns in the possession of litigants; all it prevents is the IRS's sharing tax returns with other government agencies. *St. Regis Paper Co. v. United States,* 368 U.S. 208, 218–19, 82 S.Ct. 289, 295–96, 7 L.Ed.2d 240 (1961); *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 74–75 (7th Cir.1992). The subpoena is directed not at the returns, which remain safely locked in the IRS's files, but at copies in the possession of the individual. Although not shielded from disclosure by the Internal Revenue Code, those copies also are not required records, and so the appellants' Fifth Amendment claim cannot be rebutted by reference to the required-records doctrine.

■ This does not end our inquiry. The doctrine only comes into play if, were it not for the doctrine, the government would be forcing a person to incriminate himself. At the oral argument of the appeal the Commission argued that the appellants had waived any Fifth Amendment claim by failing to delete the incriminating matter from their tax returns when they filed them in the first place. The appeal to waiver is ironic, both because by failing to mention the argument in its brief the Commission waived it and because the idea behind the required-records doctrine is that the disclosure of information sometimes is—required, not optional. The latter irony works in the Commission's favor. *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976), holds that the taxpayer who includes incriminating information on his return is like the witness who blurts out incriminating testimony rather than invoking the Fifth Amendment and keeping mum: He has not been compelled to testify against himself, so he has no Fifth Amendment claim. *Garner,* though it has never been overruled, is rarely cited for the holding that we have just summarized. But it is consistent with the cases which hold that there is no Fifth Amendment privilege in already created documents, because the disclosures in them were not compelled, *United States v. Doe, supra,* 465 U.S. at 610–12, 104 S.Ct. at 1241–42; *In re Grand Jury Proceedings,* 890 F.2d 1, 3 (7th Cir.1989)—and that is just the holding of *Garner* without the citation. *Garner* and *Doe* make the required-records exception to the Fifth Amendment privilege largely, perhaps entirely, superfluous, because records that are not required are by the same token not privileged. And those decisions suggest another reason for doubting that Collins and the other appellants have any Fifth Amendment claim: the appellants created copies of their tax returns voluntarily, so any information in the copies, however incriminating, was not compelled by government.

■ In light of all this it is doubtful that Collins has any constitutional leg to stand on, though the Commission has not been able to make, in timely fashion at any rate, the arguments that would demonstrate this. No matter. All constitutional concerns to one side, we think it was an abuse of discretion for the district judge to enforce these subpoenas. Income tax returns are highly sensitive documents; that is why the Commission cannot get the appellants' tax returns directly from the Internal Revenue Service. The self-reporting, self-assessing character of the income tax system would be compromised were they promiscuously disclosed to agencies enforcing regulatory programs unrelated to tax collection itself. The interposition of a judicial officer between the demand for the tax returns and their compelled supply is for a purpose not here fulfilled. The Commission made no showing that it needed the appellants' tax returns. All it legitimately wants to know is whether the appellants traded off the exchange and if so, why. It can ask them. If it doubts their answers, it

can ask for substantiation. If they refuse to furnish it on the ground that it would compel them to incriminate themselves, the Commission can draw the appropriate inference—for example, that they were trading off the exchange in order to reap tax benefits. No law forbids a regulatory agency to draw the logical inference from a regulated entity's refusing on Fifth Amendment grounds to play ball with the agency. *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976); *Daniels v. Pipefitters' Association Local Union No. 597*, 983 F.2d 800, 802 (7th Cir.1993). Should the government want to prosecute Collins criminally the Fifth Amendment would be a potential bar—but a very feeble one, in light of our previous discussion.

We are not experts in the investigation of violations of the commodity laws, so we may have overlooked reasons why, despite appearances, the effectiveness of the Commission's investigation of the appellants depends on its having access to their tax returns. The Commission has not advanced any such reasons. It asked for and obtained the enforcement of the subpoenas as a matter of rote, upon its bare representation that the tax returns might contain information germane to the investigation. That is not enough, if an appropriate balance is to be struck between the privacy of income tax returns and the needs of law enforcement. *Poulos v. Naas Foods, Inc., supra*, 959 F.2d at 74–75; *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.1975). It is true that the appellants, mesmerized by the Fifth Amendment, have not presented the abuse of discretion ground with the perspicuity ordinarily required to preserve an issue for appellate review; it is mentioned in their appeal brief, but only in passing. We are disposed to be lenient, however, where larger interests are at stake than those of the immediate parties—namely the interest, unrepresented by any of the parties to this case (for the Commission is not represented by the Department of Justice, which might be assumed to be speaking for the Internal Revenue Service as well), in the effective administration of the federal tax laws. Cf. *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976).

The order of the district court enforcing the subpoenas is

REVERSED.