972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Darrell MORRIS, Plaintiff-Appellant,
v.
INDIANAPOLIS PUBLIC SCHOOLS, Defendant-Appellee.
 No. 90-2434.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1992.*
Decided July 28, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 For more than two years, Darrell Morris regularly substituted as a teacher in the Indianapolis Public School system (IPS). He brought this action alleging racial discrimination after IPS removed his name from a list of substitute teachers. Morris, proceeding pro se, filed a two-count complaint in the district court asserting race discrimination claims under (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); and (2) The Civil Rights Act of 1866, 42 U.S.C. § 1981 ("s 1981"). Morris appeals the grant of summary judgment in favor of IPS on both claims.
 
 
 2
 For the first time, Morris argues on appeal that "[t]his is a proceeding pursuant to Section 1983 of the Civil Rights Act of 1871 guaranteed redress of wrong through award damages Denial of procedural due process. Appellant Pro-Se without procedural due process as guaranteed [sic] by the Fourteenth Amendment." Appellant's Brief, filed Oct. 1, 1991, at 3. Except in rare instances, a plaintiff may not raise issues on appeal for the first time. Hormel v. Helvering, 312 U.S. 552 (1941); Textile Banking Co., Inc. v. Rentschler, 657 F.2d 844, 853 (7th Cir.1981). Since Morris never alleged any claims pursuant to 42 U.S.C. § 1983 in the district court proceedings, he is barred from raising them now.
 
 
 3
 After reviewing the decision of the district court as well as the recommendation of the magistrate judge, we conclude that the district court properly granted IPS's motion for summary judgment. Accordingly, we affirm the decision of the district court for the reasons stated in the attached memorandum opinion, recommendation, and order.
 
 
 4
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 
 5
 Darrell Morris, Plaintiff,
 
 
 6
 v.
 
 
 7
 Indianapolis Public Schools, Defendant.
 
 
 8
 Cause No. IP 88-1284-C.
 
 
 9
 Aug. 4, 1989.
 
 MEMORANDUM AND ENTRY
 
 10
 Plaintiff Darrell Morris was once routinely called by the Indianapolis Public Schools for use as a substitute teacher. Plaintiff is no longer so used. He has sued the Indianapolis Public Schools alleging that they discriminated against him in violation of Title VII, 42 U.S.C. § 2000e-1 et. seq., and in violation of 42 U.S.C. § 1981. Count I of his Complaint, his Title VII allegation, requests a declaratory judgment as to his rights for a permanent injunction to restrain the defendant. He alleges that defendant harmed him by "maintaining a policy, practice, custom, or usage of discrimination against plaintiff's race with respect to hiring, compensation, terms and conditions of employment, criteria used to determine acceptable job performance and policies relating to termination of employment." He alleges further that he was "subjected to a continuous course of harassment, derogation of person, threats, racial slurs and name calling with resultant damage to plaintiff's professional standing, all such conduct being without cause or justification and based partly or solely upon plaintiff's race." Plaintiff is a black adult male.
 
 
 11
 Plaintiff alleges that he was terminated from employment by the defendant on or about March 23, 1988. He filed an equal employment opportunity complaint on April 20, 1988 alleging racial discrimination. This pro se Complaint was filed October 25, 1988. He claims that his discharge was based on his race in violation of 42 U.S.C. § 2000e-2(a)(1) [Title VII] and § 2000e-16(a). He also alleges that his discharge was in retaliation for activities protected by Title VII. He asks in Count I for a declaratory judgment that the defendant discriminated against him on the basis of his race and in retaliation against his protected activity. He seeks full back pay to compensate him for lost wages plus interest, overtime, and fringe benefits. He asks for compensatory damages in the amount of $500,000.00, he asks for a permanent injunction prohibiting further discrimination against him, and he asks for a mandatory injunction requiring his reinstatement.
 
 
 12
 Count II is a proceeding under 42 U.S.C. § 1981. Plaintiff alleges the same facts for the foundation of his 1981 claim as he does in his Title VII claim. As in Count I, Count II asks the Court to grant a permanent injunction enjoining the defendant from refusing to employ him as a substitute teacher because of his race. Plaintiff additionally asks for attorney fees.
 
 
 13
 Defendant has filed a motion for partial summary judgment making several claims which the Court will deal with in the order presented. Initially, defendant seeks summary judgment on the plaintiff's claim for compensatory damages in Count I. The relief available under Title VII is defined in 42 U.S.C. § 2000(e)-5(g). Compensatory damages are not listed therein. The case of Patzer v. Board of Regents of The University of Wisconsin System, 763 F.2d 851 (7th Cir.1985) cites the case of Walker v. Ford Motor Company, 684 F.2d 1355 (11th Cir.1982) in a note quoted as follows from page 854 of the opinion:
 
 
 14
 "We note in passing that Title VII authorizes any equitable remedies the court deems appropriate, including back pay, but not compensatory or punitive damages. See 42 U.S.C. § 2000e-5(g); Walker v. Ford Motor Company, 684 F.2d 1355, 1363-64 (11th Cir.1982) citing many cases."
 
 
 15
 There being no question that compensatory damages are not on the available relief under Title VII, the defendant's motion for partial summary judgment directed toward those compensatory damages claimed by the plaintiff is GRANTED.
 
 
 16
 Defendant directs the next portion of its motion for partial summary judgment toward the plaintiff's claim for attorney fees. The law does appear subtle, but attorney fees are not recoverable in civil rights actions. Redding v. Fairman, 717 F.2d 1120 (7th Cir.1983); Cofield v. City of Atlanta, 648 F.2d 986, 987-88 (5th Cir.1981). Defendant's motion for partial summary judgment addressed to plaintiff's motion for attorney fees is therefore GRANTED.
 
 
 17
 Plaintiff makes a claim for retaliatory discharge under 42 U.S.C. § 2000e-16(a). Said section specifically makes clear that it provides for non-discrimination with respect to federal government employees. Plaintiff does not allege that he is an employee of the federal government, and therefore the motion for partial summary judgment addressed toward 42 U.S.C. § 2000e-16(a) is GRANTED.
 
 
 18
 Plaintiff further alleges a retaliatory discharge cause of action under § 2000e-3(a). Specifically, his paragraph 17 indicates that he was discharged in retaliation for activities protected. Nowhere in his complaint or in any of his filing papers does he indicate what activity he is alleged to have engaged in that caused his firing. Having only made a conclusory statement in his complaint and not having attached any affidavits or made any allegations regarding any protected activity, his cause of action under 42 U.S.C. § 2000e-3(a) must fail. The motion for summary judgment directed to that cause of action is GRANTED.
 
 
 19
 Plaintiff further has alleged under Title VII and also under § 1981 that the defendant "maintained a policy, practice, custom, or usage of discrimination". Defendant has moved for summary judgment on that claim, both as it impacts Title VII and § 1981.
 
 
 20
 In general terms, plaintiff's action accuses defendant of race discrimination. Race discrimination claims may be brought under Title VII (42 U.S.C. 2000e), under 42 U.S.C. § 1981, and under 42 U.S.C. § 1983. A single set of standards governs liability for all three statutes. Ramsey v. American Air Filter Co., 772 F.2d 1303, 1307 (7th Cir.1985). (§ 1981 standards are the same as Title VII); Lewis v. University of Pittsburgh, 725 F.2d 910, 915 (3rd Cir.1983). Those standards first announced in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973), are now well established. The plaintiff has the ultimate burden of proving discriminatory intent on the part of the defendant. In recognition of the difficulty of marshaling direct proof of discriminatory intent, McDonnell-Douglas has fashioned a burden shifting scheme through which plaintiffs may prove intent directly. See, e.g., Morgan v. Harris Trust & Savings Bank of Chicago, 867 F.2d 1023, 1026-27 (7th Cir.1989).
 
 
 21
 At the outset, the plaintiff must establish a prima facie case of policy, practice, custom or usage of discrimination. To do so, plaintiff must show by a preponderance of the evidence that defendant treated him differently than similarly situated white employees were treated. Once the plaintiff has established this prima facie case, he is entitled to a presumption of discriminatory intent. This presumption shifts the burden to the defendant who must articulate a legitimate non-discriminatory reason for the differential treatment and if the defendant provides a legitimate explanation for the challenged conduct he or she has rebutted the presumption and the burden shifts back to the plaintiff. At this stage the plaintiff is charged with demonstrating that the defendant's proffered explanations are a pretext for discrimination. These standards apply to motions for summary judgment as well as to trials. Once the defendant has articulated a legitimate non-discriminatory explanation for the challenged conduct, to survive a motion for summary judgment the plaintiff must provide evidence from which a reasonable juror could conclude that the explanation is pretextural. See Cline v. Trustees of Indiana University, 766 F.2d 275, 280-83 (7th Cir.1985).
 
 
 22
 Specifically then, the plaintiff having alleged a custom and practice that resulted in his termination, he must in his response to the motion for summary judgment show by a preponderance of the evidence that there was such a policy or practice. He has failed to so demonstrate. He has not established a prima facie case on policy and practice.[1] In this case, plaintiff makes no specific factual allegations that show or tend to show prima facie that the ceasing by the defendant of asking him to substitute was a result of an intent to discriminate or a policy of discrimination against him because of his race. He makes only the general allegation. He cites no similarly situated non-black examples. His general conclusory allegation is not sufficient to make his prima facie case. Defendant's motion for partial summary judgment on plaintiff's Count I and Count II claims of policy, practice, custom or usage of discrimination is GRANTED.
 
 
 23
 Since the time of the filing of this lawsuit the United States Supreme Court has issued an opinion in the case of Patterson v. McLean Credit Union, --- U.S. ----, 57 U.S.L.W. 4705 (1989). It is this Court's view that Patterson significantly impacts the plaintiff's Count II allegations. The Court therein held that 42 U.S.C. § 1981 does not provide a remedy for racial harassment relating to conditions of employment. The remainder of Count II of plaintiff's complaint is for racial harassment relating to conditions of employment. At page 4708 of United States Law Week the Supreme Court said,
 
 
 24
 By its plain terms, the relevant provision in section 1981 protects two rights: 'the right ... to make ... contracts' and 'the same right ... to ... enforce contracts.' The first of these protections extends only to the formation of a contract, but not to the problems that may arise later from the conditions of continuing employment. The statute prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contact only on discriminatory terms. But the right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions. Such postformation conduct does not involve the right to make a contract, but rather implicates the performance of established contract obligations and the conditions of continuing employment, matters more naturally governed by state contract law and Title VII.
 
 
 25
 Therefore, plaintiff's general claim of employment harassment fails to state a cause of action under § 1981. Defendant's motion for summary directed at that issue is GRANTED.
 
 
 26
 The remainder of the case is that portion of Count I brought under Title VII alleging unlawful employment practices under 42 U.S.C. 2000e-2(a)(1) or (2) and the remedies available are those listed under 42 U.S.C. 2000e-5(g).
 
 
 27
 /S/LARRY J. McKINNEY, JUDGE
 
 United States District Court
 Southern District of Indiana
 Distribution to:
 Darrell Morris
 P.O. Box 2403
 4508 East Washington Street, Apt. 3
 Indianapolis, Indiana 46204
 Susan B. Tabler
 ICE MILLER DONADIO & RYAN
 One American Square, P.O. Box 82001
 Indianapolis, Indiana 46282-0002
 MAGISTRATE'S REPORT AND RECOMMENDATION
 
 28
 ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
 
 
 29
 (May 24, 1990).
 
 
 30
 This matter was referred to the undersigned United States Magistrate by the Honorable Larry J. McKinney, United States District Judge, pursuant to 28 U.S.C. § 636, and Magistrate's Rule M-6 of the General Rules for the United States District Court for the Southern District of Indiana (Entry of August 10, 1989).
 
 
 31
 This action was originally brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e et seq ["Title VII"], and 42 U.S.C. § 1981, protesting--on the basis of race--the removal of the plaintiff's name from the defendant's list of substitute teachers. The Court's Entry of August 4, 1989, granted the defendant's Motion for Partial Summary Judgment and dismissed the plaintiff's claims under Section 1981 and his claims of retaliation under Title VII. The plaintiff's Complaint has therefore been distilled leaving a claim under Title VII that the defendant was engaged in unlawful employment practices under 42 U.S.C. § 2000e-2(a)(1) or (2). The defendant now moves for partial summary judgment on his Title VII claim asserting that no material issue of fact exists as to the reason for the defendant's removal of the plaintiff from the substitute teacher list.
 
 
 32
 The undersigned having reviewed the parties' pleadings and papers, and being duly advised, recommends that the Court grant the defendant's Motion for Partial Summary Judgment. This recommendation is based upon the undersigned's agreement that (1) no material issue of fact exists concerning the defendant's motive for removing the plaintiff from the substitute teacher list and (2) the plaintiff has failed to meet his burden of persuasion that the defendant acted with the intent to discriminate.
 
 DISCUSSION
 
 33
 Title VII prohibits two (2) forms of discrimination, disparate treatment (intentional discrimination) and disparate impact (neutral practices with discriminatory effects). Intentional discrimination against an individual can be based on race, national origin, sex, or religion. The plaintiff alleges that he is the victim of racial discrimination and brings this disparate treatment action against defendant Indianapolis School Board.[1] The defendant has moved for summary judgment and has filed a brief in support of his Motion. The defendant argues that the plaintiff cannot establish a prima facie case of discrimination or that the defendant's nondiscriminatory reason for removing the plaintiff from the substitute list was a pretext for discrimination. Further, the defendant argues that the plaintiff cannot establish a mixed motive case. The Court will discuss each of these contentions in turn under the standards which are applicable in the summary judgment context. The Court has before it the plaintiff's Motion for a Trial date and the defendant's Brief in Support of Defendant's Motion for Partial Summary Judgment.[2]
 
 
 34
 The ultimate issue in cases alleging racial discrimination in discharge is whether there has been disparate treatment between members of a racial minority group and others not of that group. Pouncy v. Prudential Insurance Co. of America, 668 F.2d 795, 802 (5th Cir.1982). Proof of discriminatory intent or motive is critical though the methods for proving it vary and can in some situations be inferred from the mere fact of differences in treatment. International Brotherhood of Teamsters v. United States, 431 U.S. 324, 335, n. 15, 97 S.Ct. 1843, 1854, 52 L.Ed.2d 396 (1977).[3] In individual claims of disparate treatment, the prima facie case rules are set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-803, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). First, to prove intent, the plaintiff must show that: 1) he belongs to a racial minority, 2) he applied for a job for which he was qualified, 3) he was rejected, and 4) the position thereafter remained open. The McDonnell Douglas Court added two (2) other components to the structure of a Title VII action. If the plaintiff establishes his prima facie case, then the defendant has the burden to articulate some legitimate, nondiscriminatory reason for the employee's rejection. At this point, the burden of production shifts back to the plaintiff to show that the defendant's stated reason for the plaintiff's rejection was in fact pretextual. A prima facie showing does not prove illegal discrimination but constitutes proof of actions by the employer from which we can reasonably infer a discriminatory animus because common experience tells us that such actions normally have discriminatory motive. Furnco Constr. Co. v. Waters, 438 U.S. 567, 579-80, 98 S.Ct. 2943, 2950-52, 57 L.Ed.2d 957, 969 (1978). However, the burden of persuasion does not shift to the defendant. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259-60, 101 S.Ct. 1089, 1096-1097, 67 L.Ed.2d 207 (1981).[4]
 
 
 35
 The McDonnell Douglas test most accurately applies to "hiring" discrimination cases involving alleged racial prejudice. The Supreme Court there recognized that the definition of the prima facie case elements and the allocation of burden of production should be adapted to differing situations which may arise in Title VII cases. McDonnell Douglas, supra, 411 U.S. at 802, n. 14, 93 S.Ct. at 1824, n. 14, 36 L.Ed.2d at 677-78, n. 13.[5] In Bundy v. Jackson, 641 F.2d 934, 950-953 (D.C.Cir.1981), the court, faced with a promotion discrimination case based on gender, adopted the McDonnell Douglas formula. The Bundy Court stated that to make out a prima facie case, the plaintiff must show she belonged to a protected group, that she was considered for and denied a promotion, and that other employees, not members of the protected group, were indeed promoted at the time the plaintiff's request was denied. Bundy, supra, 641 F.2d at 951.[6]
 
 
 36
 In a discharge case, the plaintiff must show that she belongs to a protected class, that she was qualified for the position, that she was discharged, and that the discharge occurred in circumstances giving rise to an inference of racial discrimination. Ramseur v. Chase Manhattan Bank, 865 F.2d 460, 464 (2d Cir.1989). Put another way, a plaintiff alleging a discriminatory firing need only show that he/she was fired from a job for which he/she was qualified while others not in the protected class were treated more favorably. Bellissimo v. Westinghouse Electric Corp., 764 F.2d 175, 179-180 (3rd. Cir.1985), cert. denied 475 U.S. 1035, 106 S.Ct. 1244, 89 L.Ed.2d 353 (1986). The plaintiff in the present case must show by a preponderance of the evidence that he was fired as a substitute teacher while other "nonblack" substitute teachers were treated more favorably. The plaintiff must show that defendant acted with the intent to discriminate against him.
 
 
 37
 This matter comes before the Court on the defendant's summary judgment motion. In its Motion, the defendant claims that the plaintiff has failed to make out a prima facie case in this Title VII action. In order to determine if this case is ripe for summary judgment, the Court must look at the evidence most favorable to the plaintiff and decide if the jury could find for him. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Because the plaintiff is proceeding pro se, this Court liberally construes his Complaint, particularly since it alleges a civil rights violation. Wilson v. Civil Town of Clayton, Indiana, 839 F.2d 375, 378 (7th Cir.1988) (case involved a 12(b)(6) motion). A liberal construction of plaintiff's pro se complaint does not require the Court to accept the plaintiff's legal characterization of the facts. Gomez v. Illinois State Board of Education, 811 F.2d 1030, 1033 (7th Cir.1987).
 
 
 38
 The factual issue presented in this case is whether the defendant intended to discriminate against the plaintiff based on his race. The plaintiff carries this burden. United States Postal Service Bd. v. Aikens, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). The plaintiff's evidence amounts to his own affidavits which conclude that the defendant fired him because of race. The defendant school board explains that in view of the incident at school involving an alleged mishandling of a student by a substitute teacher, it had a good faith reason and even an obligation to remove the plaintiff from the substitute list. Brief of Def. at 13. What happened to the child in the classroom on March 22, 1988, does present an issue of fact. The plaintiff claims the student fell and hit his head. The student claims the plaintiff threw him against the wall. The issue here, however, is not whether an offense occurred but whether the defendant had good faith reasons for believing it occurred. Brief of Def. at 13. The outcome of this dispute is not affected by which version of the incident is in fact true. Taking the plaintiff's version to be the truth does not, in itself, make his prima facie case. The plaintiff still must show that the defendant acted with the intent to discriminate. Because an incident of alleged mishandling of a child occurred, it is not clear that the defendant fired the plaintiff simply because of his race. "The plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986).
 
 
 39
 While summary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated,[7] (here the defendant's motive for removing the plaintiff from the substitute list) this does not change the fact that the plaintiff has the burden of showing that defendant acted with intent to discriminate. A number of decisions have granted summary judgment or a directed verdict even when the plaintiff has made out a prima facie case of discrimination. See, Nolan v. Cleland, 686 F.2d 806, 811-12 (9th Cir.1982); Patterson v. General Motors Corp., 631 F.2d 476, 482-487 (7th Cir.1980), cert. denied, 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981); Guy v. Swift & Co., 612 F.2d 383, 386 n. 11 (8th Cir, 1980). The Court finds that the plaintiff has failed to carry the burden of showing that the defendant intended to discriminate.[8] The plaintiff's conclusory allegation that he was discriminated against alone does not create a material issue of fact. Patterson, supra, 631 F.2d at 484.[9]
 
 
 40
 Even if the plaintiff made out a prima facie case, the defendant has articulated a non-discriminatory reason for the "employee's" removal from the substitute teacher list. In some cases the plaintiff is relieved from proving intent to discriminate and "[t]he plaintiff will carry his initial burden by showing actions taken by the employer from which one can infer, if such actions remain unexplained that it is more likely than not that such actions were based on a discriminatory criterion illegal under Title VII." Furnco Constr. Corp. v. Waters, 438 U.S. 567, 576, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957, 965 (1978) (emphasis added). The actions of the employer in this case, however, have been explained. The defendant, Indianapolis Public Schools ("IPS"), asserts that the plaintiff physically handled a student in an inappropriate and abusive manner. Brief of Def. at 12. The IPS records indicate that it conducted its own investigation of the incident. The only witnesses to the incident were the plaintiff, the victim and the other students in the class. IPS interrogated the victim and four (4) other children all of whom gave a consistent account of what happened. The incident was investigated by the Indianapolis Police Department and Child Protection Services of the Marion County Welfare Department. Nothing to contradict the students' version of what happened was ever reported. IPS concluded that it had no choice but to remove the plaintiff from the substitute list.[10] Indeed, the school board claims it would have been subject to public embarrassment, and that it could possibly have been exposed to liability, if it had not removed the plaintiff from the substitute list. Because the defendant's actions have been explained, the plaintiff is not entitled to relief from having to prove actual intent to discriminate as indicated by Furnco, supra. The defendant has articulated a legitimate, non-discriminatory reason for its action.
 
 
 41
 The real question boils down, as it often does in a Title VII case, to the third stage of the McDonnell Douglas formula. The question is if the plaintiff has introduced sufficient evidence to demonstrate a genuine issue whether defendants proffered justification is merely a pretext for discrimination. Furnco, supra, 438 U.S. at 578, 98 S.Ct. at 2950, 57 L.Ed.2d at 968. A plaintiff can offer proof that the neutral reason offered by the defendant has not in fact been applied alike to Blacks and Whites or that the defendant's reason is simply not worthy of credence. Burdine, supra, 450 U.S. at 256, 101 S.Ct. at 1095, 67 L.Ed.2d at 217.
 
 
 42
 In Mason v. Continental Ill. Nat. Bank, 704 F.2d 361 (7th Cir.1983), the Seventh Circuit Court of Appeals affirmed the decision of the district court granting a defendant's motion for summary judgment in a racial discrimination case bought under 42 U.S.C. § 1981. A Black employee of the bank alleged that she was denied a promotion because of her race. The plaintiff argued that racial animus played a role in the bank's decision to give the appointment to another employee.[11] The circumstances the plaintiff asserted created a genuine issue of material fact amounting to a claim that defendant's reason for selecting someone other than herself were phony or pretextual. The Court stated that it is not the law that when two (2) qualified people, one (1) Black and one (1) White, apply for a job for which the White person is eventually selected, that the Black is entitled to a trial on complaint of discrimination merely because the reasons given by the employer might be "phony".
 
 
 43
 Similarly, in Meiri v. Dacon, 759 F.2d 989 (2d Cir.1985), the Second Circuit Court of Appeals affirmed the district court's grant of summary judgment in defendant's favor in an alleged religious discrimination case. The court held that the plaintiff's conclusory allegation of discrimination were insufficient to raise a factual issue at the pretext stage. The plaintiff alleged she was discharged because she was Jewish. The defendant produced evidence which indicated that plaintiff's behavior during the probationary period of employment was inappropriate and contravened INS policy. The plaintiff's supervisor had made attempts to counsel and advise plaintiff after reprimands had been issued. When she failed to improve, she was discharged.
 
 
 44
 In order to support a claim that the defendant's reason for removal was pretextual, the plaintiff in this case should either be able to show that he was treated differently from similarly situated White employees, or that the defendant's reason is simply not credible. The IPS records indicate that in another similar incident of a substitute teacher mishandling a student, the teacher was promptly removed. Brief of Def. at 14. Furthermore, IPS records indicate that substitute teachers have been removed for misconduct far less severe than the plaintiff's alleged misconduct (e.g. inappropriate language, inadequate classroom control, and verbal assault on a child). Brief of Def. at 15. This, combined with the fact that during the plaintiff's employment, eleven (11) individuals were removed involuntarily from the substitute list--six (6) White and five (5) Black--is sufficient for this Court to conclude that the plaintiff has failed to prove the defendant's reason was a mere pretext.
 
 
 45
 If the plaintiff had proved that discrimination played a role in the employer's decision, it would be necessary to consider this action under a "mixed motive" analysis. In Price Waterhouse v. Hopkins, 490 U.S. ----, 109 S.Ct. 1775, 1795, 104 L.Ed.2d 268 (1989), the Supreme Court ruled that once a plaintiff presents direct evidence of discrimination the burden of persuasion shifts to the defendant to show that his decision would have been the same even if the discriminatory aspect had not been taken into account. This shift of burden only occurs once the plaintiff presents direct evidence of discrimination. Id, supra., 109 S.Ct. at 1804, 104 L.Ed.2d at 285. The standard the defendant has for proving that the result was unaffected by discriminatory motive, is a preponderance of the evidence, not clear and convincing. The employer's burden in this context is viewed as an affirmative defense--that is, the plaintiff must first carry his burden of proof that his race played a part in the employment decision. The Court finds that the plaintiff has not proved this factor played any role in the defendant's decision to remove the plaintiff from the substitute teacher list. Therefore it is unnecessary in this case to reach the crux of the Price Waterhouse decision which called for the defendant to prove by a preponderance of the evidence that it would have made the same decision even if it had not taken the plaintiff's gender into account.[12]
 
 CONCLUSION
 
 46
 For the foregoing reasons, the undersigned recommends that the Court GRANT the defendant's Motion for Partial Summary Judgment.
 
 
 47
 /S/KENNARD P. FOSTER, Magistrate
 
 United States District Court
 Southern District of Indiana
 
 48
 cc: Darrell Morris, P.O. Box 2403, 4508 East Washington Street, Apt. 3, Indianapolis, Indiana 46204
 
 
 49
 Susan B. Tabler, ICE MILLER DONADIO & RYAN, One American Square, P.O. Box 82001, Indianapolis, Indiana 46282-0002
 
 
 50
 ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION ON
 
 
 51
 DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
 
 
 52
 (June 15, 1990).
 
 
 53
 This Title VII action comes before the Court on the Magistrate's Report and Recommendation on Defendant's Motion for Partial Summary Judgment. The motion was referred to Magistrate Foster for consideration pursuant to 28 U.S.C. § 636 and Magistrate's Rule M-6 of the Local Rules of this Court.
 
 
 54
 On May 24, 1990, the Magistrate issued his Report and Recommendation in which he correctly determined that defendant prevails on this motion for summary judgment. On May 29, 1990, the pro se plaintiff filed a two-page Objection to the Report and Recommendation. In his Objection, the plaintiff generally averred that the Magistrate's report was the result of prejudice against the plaintiff. For instance, plaintiff wrote that he "object to unduly prejudiced bias report or recommendation of magistrate's of this Court." (sic).
 
 
 55
 pursuant to the Magistrate's Act, this has already been done by the Magistrate. Because there are no specific objections which can be given de novo review, the Report is adopted in its entirety, with one exception.
 
 
 56
 At page 7, the Report states, "While summary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated, this does not change the fact that the plaintiff has the burden of showing that defendant acted with intent to discriminate." (Report at 7) (emphasis in original, footnote omitted). The Court now modifies this statement as follows:
 
 
 57
 Although courts "must approach the question of summary judgment with 'special caution' in discrimination cases, ... the grant of summary judgment [is proper] where the plaintiff presents no indication of the defendant's motive or intent to support his or her position." McMillan v. Svetanoff, 878 F.2d 186, 188 (7th Cir.1989). Although many courts formerly ruled to the contrary, it is not settled in this Circuit that summary judgment "will not be defeated simply because issues of motive or intent are involved." Morgan v. Harris Trust and Savings Bank of Chicago, 867 F.2d 1023, 1026 (7th Cir.1989). See also Corrugated Paper Products, Inc. v. Longview Fibre Co., 868 F.2d 908, 912-914 (7th Cir.1989) (movant is entitled to summary judgment in motive or intent cases if nonmovant has burden of proof and has failed to come forward with even circumstantial evidence from which a jury could reasonably infer the relevant state of mind). In this case, the plaintiff has that burden, but has failed to sustain it at this crucial juncture.
 
 
 58
 The Magistrate's Report is adopted in all other respects. The Court notes that this change is actually favorable to the defendant rather than the plaintiff.
 
 II. Alternative De Novo Review of Objections
 
 59
 Alternatively, assuming arguendo that a legitimate objection has been made such that de novo review is somehow required, the Court now construes the plaintiff's objections liberally and pursuant to Rule 72(b) and the 28 U.S.C. § 636(b)(1), the Court now gives de novo review to those portions of the Report to which objection was made.
 
 
 60
 In his two-page objection, the plaintiff does at one point complain that he "was not given reasonable trail date or hearing in the proceeding or given reasonable opportunity to be hearin open court." (sic). In essence, plaintiff is complaining that he did not have his day in court.
 
 
 61
 It is true that plaintiff did not get the opportunity to present his case in a full-blown trial. However, where, as here, the plaintiff has not come forth to make a prima facie case in response to a properly supported summary judgment motion, there is no right to a trial. The summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure is constitutional because it does not deprive a party of the right to a trial. Indeed, it is simply a procedure by which it can be determined whether there are any issues of fact to be tried. See generally 10 C. Wright and A. Miller, Federal Practice and Procedure § 2714 (1983).
 
 
 62
 In this case, then, plaintiff did, in essence, have his day in court, for he had every opportunity to oppose the summary judgment motion, and did, in fact, file an affidavit in opposition to the motion. Thus, the plaintiff's objection that he was not given the opportunity to be heard in court is without merit.
 
 
 63
 Accordingly, the Motion for Summary Judgment is GRANTED, plaintiff shall take nothing by way of his complaint, and this cause is DISMISSED WITH PREJUDICE. Each party shall be responsible for their own costs. The Clerk of this Court shall enter a separate Rule 58 judgment immediately.
 
 
 64
 /S/LARRY J. McKINNEY, JUDGE
 
 United States District Court
 Southern District of Indiana
 Distribution:
 Darrell Morris
 P.O. Box 2403
 4508 East Washington St., Apt. 3
 Indianapolis, IN 46204
 Susan B. Tabler
 ICE MILLER
 One American Square
 P.O. Box 82001
 Indianapolis, IN 46282
 ENTRY OF JUDGMENT
 
 65
 The Court has granted the defendant's motion for summary judgment and dismissed this action with prejudice this 15th day of June, 1990, and directed that judgment be entered against the plaintiff. Accordingly, judgment is hereby entered against the plaintiff, the action is dismissed with prejudice, and plaintiff shall take nothing by way of his complaint.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 This, of course, assumes that Title VII and § 1981 involve showings of policies, practices, customs, or usage. It is the Court's view that these factors generally bear only on claims under 42 U.S.C. § 1983
 
 
 [1]
 The plaintiff, who is proceeding pro se in this action, does not expressly use the term disparate treatment. This, however, is the obvious legal articulation of his allegation
 
 
 [2]
 The plaintiff has not submitted a Brief in Opposition to the defendant's Motion for Partial Summary Judgment
 
 
 [3]
 To succeed in a disparate treatment case the plaintiff "ultimately had to prove more than the mere occurrence of isolated or "accidental" or sporadic discriminatory acts." Teamsters, supra, 431 U.S. at 336, 97 S.Ct. at 1855, 52 L.Ed.2d at 416
 
 
 [4]
 But see Price Waterhouse v. Hopkins, 490 U.S. ----, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (The Court held that in a mixed motive case where the plaintiff has established that [gender] played a part in the employer's decision, the burden does shift to the defendant to show that the employer would have made the same decision even if it had not taken the plaintiff's [gender] into account.)
 
 
 [5]
 See Bundy v. Jackson, 641 F.2d 934 (D.C.Cir.1981). "[The] McDonnell Douglas formula presumes the standard situation where alleged discrimination is due to the bare fact of the claimant's membership in a disadvantaged group. It therefore fails to fit with precision the very unusual, perhaps unique, situation of sexual harassment, where the alleged basis of discrimination is not the employee's gender per se, but her refusal to submit to sexual advances which she suffered in large part because of her gender." Id. at 951
 
 
 [6]
 The court articulated further that what it required the plaintiff to prove was simply that according to employer's rules she was eligible for promotion and that she had reasonable expectation of the promotion she sought. Bundy, supra, 641 F.2d at 953
 
 
 [7]
 Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.1985), cert. denied 474 U.S. 829, 106 U.S. 91, 88 L.Ed.2d 74 (1985); Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962)
 
 
 [8]
 "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)
 
 
 [9]
 See Jackson v. University of Pittsburgh, 826 F.2d 230 (3d Cir.1987), cert. denied 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988). A black male attorney alleged racial discrimination in a firing case. The court found that summary judgment was improper because the plaintiff made a prima facie case supported by over seven hundred (700) pages of transcript which called into question the defendant's claim that the plaintiff had been dismissed for performance deficiencies. In the present case, the plaintiff relies entirely on his own affidavits to establish his prima facie case
 
 
 [10]
 The mere fact that an employer's reason is mistaken or ill-founded, does not mean it constitutes a pretext for discrimination. Pollard v. Rea Magnet Wire Co., Inc., 824 F.2d 557, 559 (7th Cir.), cert. denied, 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987)
 
 
 [11]
 The employee who received the appointment had a proven track record and retracted her recent resignation when she learned of the new position
 
 
 [12]
 The Court notes, however, that the defendant could carry this burden in light of the evidence that a White substitute teacher was removed for similar and less severe violations in the classroom. Furthermore, the defendant used the plaintiff as a substitute teacher the maximum number of allowed days per year and there is no indication that it was dissatisfied with the plaintiff's performance prior to the incident